COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Overton and Senior Judge Baker
Argued at Norfolk, Virginia


RONNIE McNAIR
                                    MEMORANDUM OPINION* BY
v.        Record No. 2632-97-1      JUDGE JOSEPH E. BAKER
                                         DECEMBER 1, 1998
COMMONWEALTH OF VIRGINIA

           FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    Von L. Piersall, Jr., Judge

           Michael Rosenberg (Richardson & Rosenberg,
           L.L.C., on brief), for appellant.

           Steven A. Witmer, Assistant Attorney General
           (Mark L. Earley, Attorney General, on brief),
           for appellee.


     Ronnie McNair (appellant) appeals from his bench trial

convictions by the Circuit Court of the City of Portsmouth (trial

court) on multiple counts of forgery, uttering, and petit

larceny.  The charges resulted from appellant's involvement with

blank checks stolen from the Westhaven Church of God (the

Church).  Finding no error, we affirm the convictions.

     The judgment of a trial court will be disturbed only if

plainly wrong or without evidence to support it.  See Martin v.

Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The credibility of a witness' testimony and the inferences to be

drawn from proven facts are matters solely for the fact finder's

determination.  See Long v. Commonwealth, 8 Va. App. 194, 199,

---

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

379 S.E.2d 473, 476 (1989).

Appellant was charged with forgery, uttering, and larceny in connection with several checks stolen from the Church and drawn on its bank account. He initially contended that the Church was not a legal entity qualifying to be prejudiced as "another" as set forth in Code § 18.2-172. That statute provides:

> If any person forge any writing, other than such as is mentioned in §§ 18.2-168 and 18.2-170, to the prejudice of another's right, or utter, or attempt to employ as true, such forged writing, knowing it to be forged, he shall be guilty of a Class 5 felony. Any person who shall obtain, by any false pretense or token, the signature of another person, to any such writing, with intent to defraud any other person, shall be deemed guilty of the forgery thereof, and shall be subject to like punishment.

At oral argument, appellant conceded that this contention was without merit. We agree.

Appellant further contended and argued that the evidence was insufficient to support his convictions. We disagree. Because this opinion has not been designated for publication and, thereby, has no precedential value, we make only limited references to the facts supporting his convictions.

Stated most favorably to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom, see Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975), the evidence proved that the Church had a checking account with NationsBank. Only three persons were authorized to draw checks on the Church account: Reverend Frank Allen, Verlene

- 2 -

Raily and Peggy Jarman. In August 1996, several blank checks, including check numbers 1006, 1007, 1047, 1278 and 1299, were stolen from the Church.

The Commonwealth's evidence sufficiently proved that appellant wrote check number 1278 and gave it to Johnnie Williams, who cashed the check and split the proceeds with appellant. Appellant gave check numbers 1047 and 1299 to Donnell Scott, who cashed them and kept the proceeds. A forensic scientist with the Division of Forensic Science examined check numbers 1047, 1278 and 1299 and concluded that appellant wrote these checks. The evidence also sufficiently proved that appellant gave Patricia Collins check numbers 1006 and 1007, which were forged with the drawer name Jeffery Walker. Collins cashed the checks and gave the proceeds to appellant.

We hold that the record supports each of the convictions appealed and, accordingly, affirm the judgments of the trial court.

Affirmed.